**United States District Court**
For the Northern District of California

*E-FILED 2/8/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CREATIVE SCIENCE SYSTEMS, INC., | NO. 5:04-cv-3746 JF (RS) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| FOREX CAPITAL MARKETS, LLC., ET AL., | |
| Defendants. | |

I. INTRODUCTION

Plaintiff Creative Science Systems, Inc. ("CSS") moves for monetary sanctions against defendant Forex Capital Markets, LLC ("FXCM") due to FXCM's alleged failure to respond to discovery propounded by CSS. The motion was fully briefed and submitted on the papers pursuant to Civil L. R. 7-1(b). Based on all papers filed to date, the Court denies the motion for sanctions for the reasons set forth below.

II. BACKGROUND

This action stems from a dispute between the parties regarding the scope of a license agreement obtained from CSS by FXCM covering the use of the Net Zyme Enterprise "middleware" software system ("Net Zyme"). CSS alleges that FXCM made unauthorized copies of Net Zyme and

**United States District Court**
For the Northern District of California

1  installed the software on substantially more than the number of computers for which installation was

2  authorized.  CSS also contends that FXCM unlawfully copied CSS's copyrighted computer programs

3  without authorization, failed to pay for such additional authorization, and distributed certain

4  components of Net Zyme by including those components in software that FXCM and its customers

5  downloaded in order to access FXCM's systems.  FXCM counterclaims that the Net Zyme software

6  could not handle 50,000 simultaneous users per CPU, as promised by CSS.  FXCM also claims it

7  devoted enormous resources in an attempt to remedy the problem with the Net Zyme product.

8       CSS served discovery requests on FXCM including several document production requests

9  and interrogatories relating to FXCM's alleged infringement, FXCM's profits and financial

10  information, and FXCM's counterclaims.  Although the parties met and conferred for more than four

11  months, no requested discovery was produced. CSS thereupon filed a motion to compel discovery

12  with an accompanying request for sanctions.  The parties have apparently resolved the motion to

13  compel,[1] but CSS continues to seek sanctions on the grounds of discovery delay by FXCM.

### III. STANDARDS

15       The Federal Rules of Civil Procedure authorize the imposition of sanctions for a party's

16  failure to provide discovery in response to valid requests.  See Fed. R. Civ. Pro. 37(b)(2)(D).  The

17  court's decision to award sanctions, including attorneys' fees and costs, is discretionary.  See

18  National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780

19  (1976); Telluride Management Solutions, Inc. v. Telluride Investment Group, 55 F.3d 463, 465 (9th

20  Cir. 1995).

21       Fed. R. Civ. Pro. 37(a)(4) also provides in pertinent part that, if a motion to compel is

22  granted, the court shall require the party whose conduct necessitated the motion to pay the moving

23  party the reasonable expenses incurred in obtaining the order, including attorneys' fees, unless the

24  court finds that the opposition to the motion was substantially justified or that other circumstances

25  make an award of expenses unjust.

26

27       [1]  CSS withdrew its motion to compel after FXCM produced the requested documents.

28                                                      2

**United States District Court**
For the Northern District of California

IV. DISCUSSION

The request for sanctions filed by CSS is procedurally defective in two respects. First, Civil L. R. 7-8 requires that any request for sanctions be filed as a separate motion and scheduled for hearing in compliance with Rule 7-2.  As noted above, CSS did not file a separate motion for sanctions, but simply included a request for sanctions in its original motion to compel. The request for sanctions, therefore, fails to conform with the Court's Local Rules.

Second, it is improper for a moving party to introduce new facts in its reply brief other than those presented in its moving papers.  See Glenn K. Jackson v. Roe, 273 F.3d 1192, 1201-02 (9th Cir. 2001)(district court has discretion to consider issued raised for the first time in reply brief).  In its request for sanctions, CSS originally requested that the Court reimburse its fees and costs incurred as a result of the filing of the motion. In its reply brief, however, CSS asked for additional discovery sanctions, such as the re-opening of discovery to take new depositions. Since this request was raised for the first time in the reply brief, and the motion had already been submitted on the papers by the Court, FXCM had no opportunity to respond or object to the new requests made by CSS. As a result, based on these procedural defects, the request for sanctions is denied.

Moreover, while the record is not entirely clear since FXCM did not have an opportunity to respond to the latest allegations raised by CSS, it does not appear that this is a situation in which an award of sanctions is appropriate based on the facts that the motion to compel was withdrawn before full briefing had occurred and, more importantly, that CSS obtained the discovery it requested from FXCM.  In the event that CSS claims it needs additional discovery as a result of information it only recently received from FXCM, CSS may seek appropriate relief from the Court if it is unable to resolve that dispute with FXCM.

V. CONCLUSION

For the reasons set forth above, the Court denies the motion for sanctions.

IT IS SO ORDERED.

Dated: 2/8/06

_____
RICHARD SEEBORG
United States Magistrate Judge

3

**United States District Court**
For the Northern District of California

1    **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

2    John P. Bovich     jbovich@reedsmith.com, ehaase@reedsmith.com

3    Robert T. Cruzen     rcruzen@howardrice.com,

4    Scott H. Frewing     scott.h.frewing@bakernet.com, diane.e.pierson@bakernet.com;
     renata.thorgersen@bakernet.com; fsay@bakernet.com

5
     Tod L. Gamlen     tod.l.gamlen@bakernet.com, frances.m.say@bakernet.com;
6    renata.m.thorgersen@bakernet.com

7    Martin R. Glick     mglick@howardrice.com,

8    Jonah D. Mitchell     jmitchell@reedsmith.com, Drothschild@reedsmith.com

9    William R. Overend     woverend@reedsmith.com, nctuttle@reedsmith.com

10   Maxim H. Waldbaum     mwaldbaum@schiffhardin.com, jsanchez@schiffhardin.com

11   Keith L. Wurster     keith.l.wurster@bakernet.com, robin.m.robledo@bakernet.com

12

13   **Dated: 2/8/06**                                    **Chambers of Judge Richard Seeborg**

14
                                                          **By:**        **/s/ Richard Seeborg**
15

16

17

18

19

20

21

22

23

24

25

26

27

28