**\*E-FILED 3/15/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CREATIVE SCIENCE SYSTEMS, INC., | NO. C 04 03746 JF |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTES** |
| v. | |
| FOREX CAPITAL MARKETS, LLC., et al., | |
| Defendants. | |

Before the Court is the parties' joint letter brief submitted March 14, 2006 requesting resolution of two discovery disputes that have arisen between them after the presiding judge re-opened discovery for certain limited purposes, by order dated February 10, 2006.  The Court has reviewed the parties' joint submission and concludes that a hearing is not warranted.

<u>Deposition of Sasha Alexander</u>

Defendant Forex Capital Markets, LLC ("Forex") seeks to take the deposition of Sasha Alexander, a former employee, "on the following subjects: (1) Mr. Alexander's contacts with Baker & McKenzie; and (2) the entire substance of Mr. Alexander's Declaration submitted in support of Creative Science's recent motion for sanctions."

Forex's arguments as to why it believes it needs to take Alexander's deposition at this juncture are misdirected.  The deposition is not within the scope of the discovery allowed by the presiding judge's existing order of February 10, 2006.  The deposition subpoena served on Alexander will not be enforced.

Document Request No. 74

This document request seeks a broad category of financial documents pertaining to Creative Science Systems, Inc. ("Creative") dating back to 2002. While discovery of financial information may be within the scope of the February 10, 2006 order in that Forex recently added counterclaims implicating punitive damages, the narrow question at issue is confined to Creative's present "net worth."

Creative Science asserts, and Forex does not dispute, that it has already produced or will produce current and historical balance sheets and income statements. The additional documents Forex is seeking are not sufficiently related to the evidence of present net worth that could become admissible at trial. As such, Forex's request is not "reasonably calculated to lead to the discovery of admissible evidence" as required by Rule 26 of the Federal Rules of Civil Procedure, and no further production of documents will be compelled.

IT IS SO ORDERED.

Dated: 3/15/06

RICHARD SEEBORG
United States Magistrate Judge

2

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

John P. Bovich     jbovich@reedsmith.com, edorrington@reedsmith.com

Robert T. Cruzen     rcruzen@howardrice.com,

Scott H. Frewing     scott.h.frewing@bakernet.com, diane.e.pierson@bakernet.com; renata.thorgersen@bakernet.com; fsay@bakernet.com

Tod L. Gamlen     tod.l.gamlen@bakernet.com, frances.m.say@bakernet.com; renata.m.thorgersen@bakernet.com

Martin R. Glick     mglick@howardrice.com,

Jonah D. Mitchell     jmitchell@reedsmith.com, Drothschild@reedsmith.com

William R. Overend     woverend@reedsmith.com, nctuttle@reedsmith.com

Maxim H. Waldbaum     mwaldbaum@schiffhardin.com, jsanchez@schiffhardin.com

Keith L. Wurster     keith.l.wurster@bakernet.com, robin.m.robledo@bakernet.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 3/15/06**                                             **Chambers of Judge Richard Seeborg**

                                                               **By:        /s/ BAK**