**\*E-FILED 12/27/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CREATIVE SCIENCE SYSTEMS, INC., | NO. C 04-3746 JF (RS) |
| Plaintiff, | **ORDER RE "EX PARTE" APPLICATION** |
| v. | |
| FOREX CAPITAL MARKETS, LLC, ET AL., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Creative Science Systems, Inc. has filed what it entitles an "*ex parte* application" seeking certain relief with respect to obtaining the appearance of witnesses at trial. The presiding judge has referred the matter to the undersigned for disposition. Although the application does not comply fully with the Local Rules, the record is sufficient to permit a resolution and it is in the interest of judicial efficiency to reach the merits. The primary substantive issue presented is whether Rule 45 of the Federal Rules of Civil Procedure permits corporate officers of a party to be subpoenaed to appear at trial where such persons would be forced to travel interstate distances greater than 100 miles to comply. For reasons explained below, the Court will adopt the majority view regarding Rule 45 and conclude that such subpoenas are proper, without prejudice to defendant's right to challenge the subpoenas on other grounds.

1

## II  DISCUSSION

A. Procedure

Creative asserts that it proceeded under Civil Local Rule 7-10, which authorizes "*Ex Parte* Motions," instead of seeking to shorten time under Civil Local Rule 6-3, as a result of being advised by an individual in the presiding judge's chambers that the Court would "most probably prefer not to schedule this dispute as a noticed motion." Creative misapprehends the procedures for obtaining expedited relief under the rules of this district. An *ex parte* motion filed under Rule 7-10 is "a motion filed without notice to opposing party" and is proper only where a "statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis."[1]

Where a party is merely seeking relief in a shorter time frame than is available under the normal briefing and hearing schedule for a fully-noticed motion, the appropriate procedural mechanism is *always* a motion to shorten time under Rule 6-3. When the party believes that the substantive dispute must be resolved as soon as possible, the underlying motion should be filed and served with the Rule 6-3 motion. The party may propose an appropriate briefing schedule, and may waive the right to file a reply brief or to have a hearing, if the time constraints make doing so advisable. Even where a party seeking expedited relief does not propose eliminating the reply brief or the hearing, the Court has discretion to do so. In acting on a motion under Rule 6-3, the Court will set the briefing schedule and any hearing with a view to providing all parties a fair opportunity to be heard while also taking into account any legitimate time pressures that may exist.

All that being said, in this instance Creative did *not* bring this application *ex parte*, notwithstanding its title. Creative gave both advance notice of its intent to file the application and served defendant with the application (through the ECF filing system) when it was filed. Defendant has filed an opposition that addresses both the procedural and substantive aspects of the application.

---

[1] This contrasts with the practice in some other jurisdictions where the term "*ex parte*" is sometimes used more loosely to refer to an application made with shortened or informal notice to the opposing party.

1  Under these circumstances, it would not serve judicial efficiency to require Creative to re-file
2  its application as two separate motions, one under Rule 6-3, and one seeking the substantive relief.
3  Although, as discussed below, defendant argues that it is premature for Creative to seek the
4  substantive relief it requests, defendant does not appear to object to having the matter decided on an
5  expedited basis.  Accordingly, the Court finds that no further briefing or hearing is necessary and
6  will proceed to the merits.

7  B.  Substance

8  As noted above, the primary issue presented is whether under Rule 45 of the Federal Rules of
9  Civil Procedure corporate officers of a party can be compelled by subpoena to travel interstate
10  distances greater than 100 miles to appear at trial.  The parties both acknowledge the existence of
11  two conflicting lines of authority.  One line of cases focuses on paragraph (b) (2) of Rule 45, which,
12  with certain exceptions not pertinent here, only authorizes subpoenas to be served "at any place
13  without the district that is within 100 miles of the place of the . . . trial."  See, *e.g., Johnson v. Land*
14  *O' Lakes, Inc.*, 181 F.R.D. 388, 396-397 (N.D. Iowa 1998).  Other courts, however, have found that
15  paragraph (c) (3) (A) (ii) has the effect of permitting officers of a party to be subpoenaed for
16  appearance at trial without regard to travel distance because, again with exceptions not pertinent
17  here, that paragraph allows a court to quash or modify a subpoena only where it "requires a person
18  *who is not a party or an officer of a party* to travel to a place more than 100 miles from the place
19  where that person resides, is employed, or regularly transacts business in person . . . [emphasis
20  added]."  See, *e.g. In re Vioxx Products Liability Litigation*, 438 F.Supp.2d 664, 666-669 (E.D. La.,
21  2006) and cases cited therein.

22  Neither party has cited, and the Court's research has not uncovered, any controlling
23  precedent.  The majority view and more persuasive analysis, however, is found in *Vioxx*.  Although
24  there is tension between the two portions of the rule, the better reading of the rule as a whole is to
25  give effect and meaning to the phrase "who is not a party or an officer of a party" in paragraph (c)
26  (3) (A) (ii).  Following *Johnson*, and refusing to see that phrase as affecting the analysis, would
27  result in the phrase being pure surplusage, without effect under any circumstances.  Such
28  constructions are to be avoided, when possible.  See *U.S. v. Reina-Rodriguez*, 468 F.3d 1147, 1155

3

1  (9th Cir. 2006) ("Courts avoid '[i]nterpretive constructions which render some words
2  surplusage.'")[2]  Accordingly, the Court concludes that defendant's officers are subject to subpoena
3  for appearance at trial notwithstanding where they may reside, be employed, or regularly transact
4  business.

5  That said, defendant is correct that because no subpoenas have yet been served, it would be
6  premature to conclude that any or all of the individuals plaintiff proposes to subpoena should in fact
7  be required to appear. This ruling, therefore, is without prejudice to defendant's right to bring a
8  motion to quash or modify any subpoena on grounds other than geographic scope.

9  As alternative relief, Creative sought to impose various limitations on defendant's rights to
10 modify its witness list. That request is largely moot. To the extent plaintiff may still desire such
11 relief in view of the fact that motions to quash or modify the subpoenas could still be filed, the relief
12 is denied. The possibility that plaintiff will be unable to compel the attendance of certain witnesses
13 at trial does not warrant imposing on defendant any obligations or restraints other than those set
14 forth in the presiding judge's pre-trial orders.

### III. CONCLUSION

Creative's "*ex parte*" motion is granted to the extent set forth above and is otherwise denied.

IT IS SO ORDERED.

Dated: December 27, 2006

RICHARD SEEBORG
United States Magistrate Judge

---

[2] The *Johnson* court concluded, "[t]here simply is no 'negative implication,'" arising from paragraph (c) (3) (A) (ii) that parties and officers of parties are subject to a different rule. The Court respectfully disagrees, both in light of the words of the statute and the hoary principle that "*expressio unius est exclusio alterius.*"

ORDER RE "EX PARTE" APPLICATION
C 04-3746 JF (RS)
4

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  John P. Bovich     jbovich@reedsmith.com, nctuttle@reedsmith.com

3  Robert T. Cruzen     rcruzen@howardrice.com,

4  Martin R. Glick     mglick@howardrice.com,

5  Jonah D. Mitchell     jmitchell@reedsmith.com, Drothschild@reedsmith.com

6  William R. Overend     woverend@reedsmith.com, vcanton@reedsmith.com

7  Frank F. Sommers , IV     ffs@sommersschwartz.com, drh@sommersschwartz.com, ahs@sommersschwartz.com

8  Maxim H. Waldbaum     mwaldbaum@schiffhardin.com, jsanchez@schiffhardin.com

10  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

12  **Dated: 12/27/06**                                              **Chambers of Judge Richard Seeborg**

                                                                    **By:**     **/s/ BAK**

ORDER RE "EX PARTE" APPLICATION
C 04-3746 JF (RS)

5